12038

### HIRSCHMANN v. GANTT ET AL.
### (134 S. E., 230)

1. DEEDS.—Provisions in deed which were to be effective until and in default of exercise of power of appointment therein, *held* to become of no effect on grantee's exercising such appointment.

2. POWERS.—Deed empowering grantee to dispose of property by appointment by deed or will, *held* to empower grantee to dispose of property by will at any time before death unless he had previously done so by deed.

3. POWERS.—"Power" is authority enabling person to dispose of interest vested in another, and is never imperative.

4. TRUSTS.—"Trusts" are always imperative and obligatory on the conscience of person intrusted.

5. POWERS.—Under deed by wife to husband in trust with power of appointment by deed or will, power of appointment *held* not to have been affected by wife's death before husband.

Before SHIPP, J., Charleston, May, 1925. Affirmed.

Action by Joseph Hirschmann against L. Rosa H. Gantt

and others. From a judgment dismissing the complaint, plaintiff appeals.

The provisions of the deed directed to be reported are as follows:

"To have and to hold all and singular the said premises before mentioned unto the said Solomon Hirschmann, his heirs and assigns forever; in trust nevertheless and to and for the following trusts, uses, intents and purposes, that is to say; in trust as to each and all of the said premises before mentioned, for such person and persons and for such estate and estates and with such trusts, powers, provisos, limitations, and conditions as the said Solomon Hirschmann shall by deed or deeds or by his last will and testament, limit, direct, and appoint of and concerning the same and each and every part thereof; and until and in default of such appointment in trust to receive and collect the rents, issues and profits thereof, and of all property into which the same may be changed by change of investment, and therefrom to pay taxes, insurance and all necessary charges and for all necessary repairs, and to pay and apply the net proceeds, profits and dividends to the use and benefit of me the said Lena Hirschmann for and during the term of my natural life, and from and after my death leaving the said Solomon Hirschmann me surviving, then to apply said net proceeds and profits to his own use for and during the term of his natural life, and upon the death of the survivor of me the said Lena Hirschmann and the said Solomon Hirschmann, in trust for the child or children of the marriage of us the said Solomon Hirschmann and Lena Hirschmann living at the time of the death of such survivor, the child or children of a predeceased child or children to represent his, her, or their parent or parents and to take among them if more than one, and only one then that one to take the share or shares his, her or their parent or parents if alive would have taken; and if no such issue be then living, then in trust for the right heirs of Solomon Hirschmann in fee-simple. And

the said Solomin Hirschmann, trustee as aforesaid, is authorized for the purpose of changing the investments to sell and convey the premises now conveyed and any of them and any part thereof from time to time as he may deem advisable, and any and all other property into which the same may be from time to time changed by investments and reinvestments, at public or private sale and upon such terms as he may deem proper, the proceeds to be held and invested in such other property as he may think proper; the said substituted property to be held by the trustee subject to the same powers of appointment, and until such appointment to the same trusts as are declared and expressed of and concerning the property now conveyed."

*Mr. Mortimer M. Jarecky,* for appellant, cites: *Power of appointment not exercised:* 9 Rich. Eq., 358; 2 Strob. Eq., 134.

*Messrs. J. N. Nathans, M. M. Weinberg,* and *Hagood, Rivers & Young* for respondents.

July 20, 1926.

The opinion of the Court was delivered by MR. ACTING JUSTICE RAMAGE.

This is an action for the partition of certain real estate. Plaintiff alleges that he with certain of the defendants are tenants in common of such real estate, and defendants, Weinberg and M. C. Hirschmann, deny that plaintiff has any interest at all in the said real estate.

On the 15th day of May, 1890, Lena Hirschmann, the mother of the plaintiff and the defendants except Theo. A. Richmond, conveyed to her husband, Solomon Hirschmann, among other property, the property described in the complaint, upon the following terms, to wit:

"To have and to hold all and singular the said premises before mentioned unto the said Solomon Hirschmann, his heirs and assigns forever, in trust nevertheless and for the following trusts, uses, intents and purposes; that is to say,

in trust as to each and all of the said premises before mentioned, for such person and persons, for such estate and estates, and with such trusts; powers, provisions, limitations, and conditions as the said Solomon Hirschmann shall by deed or deeds or by his last will and testament, limit, direct, and appoint of and concerning the same and every part thereof; and until and in default of such appointment in trust to receive and collect the rents, issues, and profits thereof, etc."

Lena Hirschmann predeceased Solomn Hirschmann, who died July —, 1922, leaving of force his last will and testament, which was duly admitted to probate in Charleston County, and which, among other provisions, contained the following:

"Item Third. Whereas, under and by virtue of the terms of a conveyance in trust made by my late wife, Mrs. Lena Hirschmann, to me said Solomon Hirschmann, dated the 15th day of May in the year one thousand eight hundred and ninety and recorded in the Mesne Conveyance office Charleston County Book X '20,' page 760, I am empowered by my last will and testament to dispose of certain property therein more particularly mentioned, and whereas I own in my own individual right certain real and personal property, now, therefore, in the exercise of said power and of all powers me thereunto enabling, I give, devise and bequeath all the said property in the said deed mentioned and constituting the trust estate thereby created and also all my property, real, personal, and of every kind and description owned by me or to which at my death I may be entitled in my own right, other than my interest in the aforesaid corporation and in the aforesaid firm hereinbefore by item second of this my will disposed of as follows: To my daughter, Mrs. L. Rosa Gantt, Ten dollars; and all the rest, residue and remainder of the said property constituting the said trust estate and all the said rest, residue and remainder of my individual estate and property, to such of my three

daughters, Mrs. Kate H. Weinberg, Miss Mary Cecile Hirschmann and Theo. Hirschmann as shall be living at my death, in equal shares, if more than one and if only one the whole to that one, to have and to hold, the same to them or her, their or her heirs, executors and administrators, absolutely and forever. Provided, however, that if any one or more of my said daughters should predecease me leaving issue, which shall be living at my death, such issue shall represent his, her, or their respective parent or parents and take per stirpes a share or shares which such parent or parents would have taken if living at my death, to have and to hold the same to him, her or them, his or their heirs, executors, and administrators, absolutely and forever.

"It is my will that my daughter Mrs. Rosa L. Gantt shall have no other or further interest in my estate and property or in said trust estate and property except the two items of ten dollars each given and bequeathed to her as aforesaid, as I consider that I have sufficiently provided for her in my life time."

It appears that Theo. Hirschmann intermarried with Richmond. The case was heard by Judge Shipp, who held:

"It would appear, therefore, that Solomon Hirschmann has exercised in no uncertain terms the power of appointment given to him under the trust deed, and under the exercise of that power the property conveyed by the trust deed is now vested in Mrs. Kate H. Weinberg, Miss Mary Cecile Hirschmann, and Theo. A. Hirschmann (now Richmond), and that the plaintiff, Joseph Hirschmann, and the defendants, L. Rosa H. Gantt and Henry Hirschmann, have no interest in said property, and the plaintiff is not entitled to a partition."

Judge Shipp, therefore, dismissed the complaint. Plaintiff, having in due time served a notice of appeal, comes to this Court on several exceptions which raise the points that Judge Shipp erred in construing the trust deed as he did and in holding that the three defendants mentioned in the order

took the property, and in denying plaintiff his claim in the said estate and specifically that Solomon Hirschmann, not having made the appointment during the lifetime of the said Lena Hirschmann, could make no appointment after her death, but that the land would then pass under the following provision of the trust deed:

"And upon the death of the survivor of me the said Lena Hirschmann and the said Solomon Hirschmann, in trust for the child or children of the marriage of us the said Solomon Hirschmann and Lena Hirschmann living at the time of the death of such survivor, etc."

The reporter will set out the deed as it appears in folios 29 to 31.

We have only to say that the provision of the deed quoted along with others only applied until and in default of such appointment," and when the appointment was made the provisions following the words above quoted, "until and in default of such appointment," vanished into thin air.

Furthermore, when Lena Hirschmann provided that Solomon Hirschmann could dispose of the said property by will, the plain and necessary inference is that this power remained in him till the breath left his body, unless he before that time had made such appointment and disposition of property by deed. There can be no doubt on this point; and it made no difference whether the said Lena Hirschmann was living or dead, as a will in contemplation of law never takes effect till after the death of the testator. When she gave the power to dispose of by will that power lasted till the death of her husband in the absence of a deed.

Plaintiff having made the question that this is a trust and not a power, let us see what these terms mean when used in contradistinction to each other:

"A power has also been defined as an authority enabling one person to dispose of the interest which is vested in another * * * the distinction between a power and a

trust is marked and obvious. Powers are never imperative; they leave the act to be done at the will of the party to whom they are given. Trusts are always imperative and are obligatory on the conscience of the person intrusted. A power of appointment is not an absolute right of property, nor is it an estate, for it has none of the elements of an estate." 21 Ruling Case Law, p. 773.

We find that the following is put in a note at the bottom of the page just cited:

"Inadvertently, perhaps, it was stated that the distinction was the converse of this, powers being peremptory, in *Mallet v. Smith,* 6 Rich. Eq., 12; 60 Am. Dec., 107."

"A mere naked authority or power expires with the life of the person who gave it, but a power coupled with an interest is not extinguished by the death of the donor." 21 Ruling Case Law, 809. *Hunt v. Rousmanier,* 8 Wheat., 174; 5 L. Ed., 589; note, 39 Am. Dec., 82.

"The interest, however, must be in the thing itself, it must be ingrafted on an estate, and it is not enough that it be an interest in the proceeds to be produced by an exercise of the power." 21 Ruling Case Law, p. 809; note, 39 Am. Dec., 82.

"By reason of the fact that so far as survivability is concerned the same rule applies as to a trust power and a power coupled with an interest, the cases sometimes denominate powers as coupled with an interest which are in reality powers coupled with a trust." 21 Ruling Case Law, p. 776.

"A power simply collateral and without interest, or a naked power exists, when, to a mere stranger, authority is given to dispose of property in which he has no estate. But when power is given to a person, who derives under the instrument creating the power or otherwise, a present or future interest in the land, it is then a power relating to the land." 21 R. C. L., 774.

"Where, however, in connection with a direction to executors to sell, the title descending to the heirs, the executors

are given the right to possession, and are entitled to hold the proceeds of the sale, the power has been deemed one coupled with an interest." 21 R. C. L., 775.

"And the same is true of a power of sale given executors coupled with the active and continuing duty of managing the property and making disposition thereof." Id.; *Ware's Executors v. Murph,* Rice, 54; 33 Am. Dec., 97. *Wilson v. Snow,* 228 U. S., 217; 33 S. Ct., 487; 57 L. Ed., 807; 50 L. R. A. (N. S.), 604.

We find the following in the said trust deed:

"And until and in default of such an appointment in trust to receive and collect the rents, issues, and profits thereof, and of all property into which the same may be changed by change of investment, and therefrom to pay taxes, insurance and all necessary charges and for all necessary repairs, and to pay and apply the net proceeds, profits and dividends to the use and benefit of me, the said Lena Hirschmann, for and during the term of my natural life, and from and after my death leaving the said Solomon Hirschmann me surviving, then to apply said net proceeds and profits to his own use for and during the term of his natural life   *   *   *   and the said Solomon Hirschmann, Trustee as aforesaid, is authorized for the purpose of changing the investments to sell and convey the premises now conveyed and any of them and any part thereof from time to time as he may deem advisable, and any and all other property into which the same may be from time to time changed by investments and reinvestments, at public or private sale and upon such terms as he may deem proper, the proceeds to be held and invested in such other property as he may think proper."

It is evident from the above that there is no merit in the contention that, when Lena Hirschmann died, the power of appointment in her husband died with her.

It appears, therefore, that, the power of appointment having been exercised as Judge Shipp says, "in no uncertain

terms," the inevitable result is that plaintiff is shut out of any claim whatever in the real estate in question here.

It is the judgment of this Court that the judgment of the lower Court be affirmed.

MESSRS. JUSTICES WATTS, COTHRAN, BLEASE and STABLER concur.

MR. CHIEF JUSTICE GARY did not participate.